heading for memo 



No. 04-00-00022-CV


CITY OF SAN ANTONIO,

Appellant


v.


RIVER CITY CABARET, LTD., NATCO, Inc., W.A.T., Inc.,

Alamo City Hospitality, Inc., Jose Perales, Stephen Andrade,

Gary Jenkins, Edmund Beck, and Jutta Beck,

Appellees


From the 57th Judicial District Court, Bexar County, Texas

Trial Court No. 1999-CI-08627

Honorable Martha B. Tanner, Judge Presiding


Opinion by: Paul W. Green, Justice


Sitting: Catherine Stone, Justice

 Paul W. Green, Justice

 Karen Angelini, Justice


Delivered and Filed: September 27, 2000


REVERSED AND REMANDED


 The trial court dismissed a nuisance suit filed by appellant, City of San Antonio (the
City), against appellees, River City Cabaret, Inc., NATCO, Inc.,W.A.T., Inc., Alamo City
Hospitality, Inc. (hereafter referred to collectively as the Cabaret), Jose Perales, Stephen
Andrade, Gary Jenkins, Edmund Beck and Jutta Beck. The trial court found the city attorney
did not meet his burden under Tex. R. Civ. P. 12 to show he was authorized to file the
lawsuit on behalf of the City. The City argues on appeal the city attorney was authorized to
file suit by Tex. Civ. Prac. & Rem. Code §§ 125.002 & 125.022, and the City Charter,
section 54. In the alternative, the City contends the suit should not have been dismissed
because the city attorney's action was ratified by the city council in City Ordinance 90218,
adopted in an open meeting on August 5, 1999. In a cross appeal, the appellees challenge
the trial court's refusal to award attorneys' fees. We hold the trial court had no discretion to
dismiss the lawsuit after the city attorney, properly authorized by City Ordinance 90218,
appeared to prosecute the suit. We reverse the trial court's judgment and remand the cause
for further proceedings.

Background and procedural history

 On June 16, 1999, the city attorney filed suit on behalf of the City of San Antonio,
claiming River City Cabaret is a nuisance because it allows prostitution and drug dealing on
the premises and seeking a temporary and permanent injunction of those activities under Tex.
Civ. Prac. & Rem. Code §§ 125.002 & 125.022 (Vernon 1987). The Cabaret and two
individual defendants, Jenkins and Andrade, answered and moved to strike the City's petition
under Tex. R. Civ. P. 12, arguing the city attorney did not have authority to file this particular
suit on behalf of the City. (1)

 On July 26, 1999, the trial court conducted a hearing and held the city attorney failed
to show authority to file the lawsuit. However, no order of dismissal was signed at that time.

 On August 5, 1999, the city council adopted Ordinance 90218, ratifying the city
attorney's action in filing the River City Cabaret lawsuit and generally authorizing the city
attorney to file lawsuits under Tex. Civ. Prac. & Rem. Code § 125.001, et seq., and §
125.021, et seq. The City then filed a motion to reconsider, which the trial court denied.

 On August 18, 1999, the Cabaret, Jenkins, and Andrade filed a motion to enter an
order of dismissal. On August 23, 1999, the trial court signed its first order dismissing the
suit but reserving the issue of attorneys' fees. On October 18, 1999, the trial court entered
a Final Judgment, dismissing the lawsuit in its entirety without prejudice, and refusing to
award attorneys' fees to the appellees.

Standard and Scope of Review

 We review the trial court's grant of a Rule 12 motion for abuse of discretion. See
Henry v. Gonzalez, 18 S.W.3d 684, 689 (Tex. App.-San Antonio 2000, no pet. h.). We defer
to the trial court on factual findings and review legal conclusions de novo. See id.; Gulf Reg'l
Educ. Television Affiliates v. University of Houston, 746 S.W.2d 803, 806 (Tex.
App.-Houston [14th Dist.] 1988, writ denied). The facts are undisputed; therefore, the trial
court's ruling, based upon interpretation of Tex. R. Civ. P. 12, the City Charter, Tex. Civ.
Prac. & Rem. Code §§ 125.002 & 125.022, and the applicable case law involves only a
question of law. (2)

Discussion

 The City contends the suit is authorized because the city attorney's authority was
approved and the filing of the lawsuit ratified in Ordinance 90218, adopted after the suit was
filed but before the trial court entered its judgment. The Cabaret argues the city council
action is an invalid retroactive ratification of the lawsuit in violation of the Texas Open
Meetings Act (TOMA).

 We recognize a governmental body cannot give retroactive effect to an action taken
in violation of TOMA. See Lower Colo. River Auth. v. City of San Marcos, 523 S.W.2d 641,
646-47 (Tex. 1975). The invalid act may be ratified in an open meeting held in accordance
with TOMA, but the ratification will only be effective from the date of the meeting in which
the valid action is taken. See City of Bells v. Greater Texoma Util. Auth., 790 S.W.2d 6, 11
(Tex. App.-Dallas 1990, writ denied). Thus, in this case, the city attorney had authority from
the date of the city council's action, August 5, 1999, to prosecute a nuisance suit against
River City Cabaret.

 Rule 12 states the trial court "shall strike the pleadings if no person who is authorized
to prosecute or defend appears." (emphasis added). Although the trial court made an oral
ruling, no order was signed before the city attorney, duly authorized by adoption of
Ordinance 90218, appeared to prosecute the lawsuit through a motion to reconsider. Even
if the ratification was effective only after the date of the city council meeting, it was
sufficient to preserve the suit because an authorized person did, in fact, appear to prosecute
the lawsuit. Rule 12 does not authorize the trial court to dismiss a lawsuit if an authorized
person appears to prosecute or defend.

Conclusion

 We hold the trial court had no discretion to dismiss the lawsuit under Tex. R. Civ. P.
12 after the duly authorized city attorney appeared to prosecute the action. Accordingly, we
reverse the trial court's judgment and remand the cause for further proceedings. We need not
address the City's remaining issues or the cross-appeal for attorneys' fees. 



 PAUL W. GREEN,

 JUSTICE

PUBLISH
1. Perales and the Becks filed general denials. Perales later filed a written Rule 12 motion to dismiss.
2. The trial court made a "Finding of Fact" that there is no "express language" in the City Charter authorizing
the city attorney to file suit under the Texas Civil Practice & Remedies Code. The Cabaret and the individual defendants
argue we must give deference to this factual finding. If this statement means there is no specific reference in the city
charter to Tex. Civ. Prac. & Rem. Code §§ 125.002 & 125.022, it is a correct statement of fact. If the "finding" is an
interpretation of the City Charter to mean the language is not broad enough to encompass a grant of authority to the city
attorney to file suit under §§ 125.002 & 125.022, it is a conclusion of law and we review de novo.